# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| BILL MAX OVERTON,<br>    Plaintiff | Case No. 1:11-cv-591<br>Spiegel, J.<br>Litkovitz, M.J. |
| vs | |
| UNITED STATES OF AMERICA,<br>    Defendant | **REPORT AND RECOMMENDATION** |

This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in connection with a civil action. (Doc. 1).

An indigent litigant seeking to proceed *in forma pauperis* must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). Here, plaintiff has not submitted an affidavit in support of his motion for leave to proceed *in forma pauperis*. Instead, he alleges that he was granted *in forma pauperis* status in connection with a 1998 lawsuit and, therefore, should be permitted to proceed *in forma pauperis* in this case.

The fact that plaintiff was granted *in forma pauperis* status over ten years ago in a federal court action does not establish his *current* inability to pay the filing fee in the instant action. In addition, the Court rejected a similar argument made by plaintiff when he sought *in forma pauperis* status in two previous actions filed in this Court. *See Overton v. United States of America*, No. 1:11-cv-158 (S.D. Ohio April 13, 2011) (Doc. 7); *Overton v. United States of America*, No. 1:09-cv-923 (S.D. Ohio Dec. 24, 2009) (Doc. 2). Accordingly, plaintiff's motion to proceed *in forma pauperis* should be **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for leave to proceed *in forma pauperis* be **DENIED**.

2.  Plaintiff be **GRANTED** an extension of time of thirty (30) days from the date of any Order adopting this Recommendation to pay the required filing fee of $350.00 or to submit an affidavit showing his income, assets, and debts are such that he is unable to provide himself and his family with the necessities of life and still have sufficient funds to pay the full filing fee of $350.00 in order to institute this action.  *See Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948).  Plaintiff's complaint should not be deemed "filed" until the appropriate filing fee is paid or he is granted leave to proceed *in forma pauperis*.  *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).  Plaintiff should also be advised that if he fails to pay the filing fee or submit an affidavit in support of his application to proceed *in forma pauperis* within the thirty (30) day time limit this matter will be closed.

Date: 8/30/2011                                         s/Karen L. Litkovitz
                                                        Karen L. Litkovitz, Magistrate Judge
                                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILL MAX OVERTON,                      Case No. 1:11-cv-591
    Plaintiff                               Spiegel, J.
                                        Litkovitz, M.J.

vs

UNITED STATES OF AMERICA,
    Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).